# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**STONEY GLENN,**
**D.O.C.# A51181,**

      **Plaintiff,**

**vs.**                                       **Case No. 4:24-cv-443-WS-MAF**

**OFFICER FLAGG,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, submitted a civil rights complaint, ECF No. 1, as well as a motion to proceed in forma pauperis (IFP), ECF No. 2. However, Plaintiff is not eligible for IFP status because he is a "three-striker" under the Prison Litigation Reform Act (PLRA) and does not allege he is in imminent danger of serious physical injury.[1]

The PLRA prohibits a prisoner from bringing a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

---

[1] Additionally, Plaintiff's IFP motion is incomplete. The declaration on page one is blank, the prisoner consent form is blank aside from Plaintiff's inmate number, the financial certification is blank, and Plaintiff does not include any of the required monthly statements from his DOC trust account. <u>See</u> ECF No. 2.

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Though Plaintiff acknowledged in his complaint that he has had at least one case dismissed under that statute, he failed to identify accurate details as required by the court form.[2] ECF No. 1 at 9.

The Court takes judicial notice of Plaintiff's five previous prisoner civil rights cases in the Northern District of Florida dismissed as frivolous, malicious, or for failure to state a claim: Glenn v. Centurion, Case No. 3:19-cv-4890 (N.D. Fla. May 13, 2020) (failure to state a claim and failure to comply with a court order); Glenn v. Smith, Case No. 3:20-cv-5603-MCR-EMT (N.D. Fla. March 29, 2021) (failure to state a claim and duplicative); Glenn v. Jordan, Case No. 3:21-cv-1014-LC-HTC (N.D. Fla. October 4, 2021) (malicious for failure to disclose prior litigation history and time-barred); Glenn v. Schulthise, Case No. 4:21-cv-405-WS-MAF (N.D. Fla. June 16, 2022) (failure to state a claim); Glenn v. Tona, Case No. 3:22-cv-7745-MCR-ZCB (N.D. Fla. January 4, 2023) (malicious for failure to disclose prior

---

[2] Section VIIIA of the court form requires Plaintiff "identify the case number, date of dismissal, and court for each case" dismissed as frivolous, malicious, or for failure to state a claim. See ECF No. 1 at 9. Plaintiff only lists vague details for three cases, claiming either "NA" or "can't remember" for the case numbers and citing the reasons for dismissal as "time barred" for the first two and "failure to prosecute" for the third. Id. He signed the certification in Section IX declaring, "under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Id. at 12-13. As discussed infra, his certification is false.

litigation history). All were filed when Plaintiff was a prisoner.[3]

Not only is Plaintiff aware of these prior cases (which he failed to detail in Section VIII of the complaint), but Plaintiff is also aware of his status as a three-striker and the requirements it places on him. See Glenn v. Ladele, 3:22-cv-683-BJD-JT (M.D. Fla. July 5, 2022) (dismissal pursuant to 1915(g) and discussion of Plaintiff's three-strike case history).

Because Plaintiff has three strikes, he is not entitled to proceed without paying the filing fee at the time of case initiation unless he alleges that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In this complaint, Plaintiff attempts to bring suit against a DOC Correctional Officer for an Eighth Amendment and excessive force violation that allegedly occurred in September 2024.[4] ECF No. 1 at 5, 7. He claims he is "afraid" Defendant will "hurt [him] again." Id. at 5. The only facts he provides to substantiate his fear are that when Defendant sees him, "she curse[s] [him] and tell[s] [him] to go to the back of whatever line [he is] in at that time." Id.  Plaintiff presents no allegations that show he is under imminent danger of serious physical injury from any person or situation.

---

[3] Plaintiff's inmate number at the Florida Department of Corrections is A51181. Each of the prior cases cited herein bear his name and the same inmate number.

[4] The complaint alleges he was handcuffed, thrown to the ground, and dragged to the officer station by Defendant Flagg on September 20, 2024. ECF No. 1 at 5. He was then taken to "urgent care" by a captain. Id. For some reason, Plaintiff's signature block is dated September 11, 2024. Id. at 13.

Therefore, this case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and as a three-striker under § 1915(g), Plaintiff is not entitled to belatedly pay the filing fee.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

Should Plaintiff choose to initiate a new case on these facts after prepaying the filing fee, he is warned that a full account of his litigation history would still be required and any affirmative misrepresentations would likely result in sanctions up to and including dismissal. Plaintiff's continual abuse of the process, even after dismissals and admonishments from various federal judges, has not escaped the Court. In addition to the incomplete and false history listed in Section VIIIA, Plaintiff left Section VIIIC completely blank. ECF No. 1 at 10-12. That section requires Plaintiff to list "any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging [his] conviction or relating to the conditions of [his] confinement." Id. at 10. Plaintiff failed to disclose at least seven additional cases he has filed in federal court while a prisoner, including four from the Northern District of Florida that were dismissed for failure to comply with court orders. The Court will not outline the details of Plaintiff's litigation history more than it

already has by including additional case numbers and filing dates. It is Plaintiff's responsibility to disclose them.

## **RECOMMENDATION**

Plaintiff's motion to proceed in forma pauperis, ECF No. 2, is **DENIED**. It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida on November 4, 2024.

> **s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).**